UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ENRIQUE ROSAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY JAIL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-000274-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a District Judge. |

Plaintiff Eddie Enrique Rosas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On March 7, 2022, Plaintiff filed a complaint alleging he was sexually harassed by Defendant Vaness, a deputy at Kings County Jail, during a body search. (Doc. 1.) Upon screening the complaint, the Court finds it is frivolous and fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1). The Court further finds the deficiencies in the complaint cannot be cured by amendment and therefore recommends dismissal of this action without extending leave to amend.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate where the claim is "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Id.* at 327. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).

## II.  PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Id.* at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant is liable for wrongful conduct. *Id.* (quoting *Twombly*, 550 U.S. at 556). However, courts "are not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal

pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*, 490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of official misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**B.     Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)).

To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a government actor may be liable under section 1983, if he performs an affirmative act, participates in another's affirmative acts, or fails to perform an act which he is legally required to do that causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)). In addition to direct participation, a government actor may be liable for "setting in motion a series of acts by others which the actor

knows or reasonably should know would cause others to inflict the constitutional injury." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*, 588 F.2d at 743).

### III.     DISCUSSION

#### A.     Plaintiff's Allegations[1]

On December 29, 2021, Defendant pulled Plaintiff from his cell and conducted a body search. (Doc. 1 at 3.) Defendant "patted … down" Plaintiff and "lingered on [Plaintiff's] midsection" and groped his midsection, "making [Plaintiff] feel very uncomfortable." (*Id.*) Plaintiff alleges this action caused him emotional distress, depression, anxiety, and flashbacks to his childhood.

Plaintiff brought this action against Defendant and the Kings County Jail alleging sexual harassment. As relief, Plaintiff requests that Kings County Jail have better training and compensation. (*Id.* at 6.)

#### B.     Sexual Harassment

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. *Wood v. Beauclair*, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, the court considers whether "the official act[ed] with a sufficiently culpable state of mind"—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. *Id.* at 1046 (alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  For pleading purposes, Plaintiff's allegations must plausibly suggest that "a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). "Numerous district courts in California have held that '[a] prisoner ... must establish that

---

[1] The Court accepts these allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

4

the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment.'" *Cavalier v. County of San Diego*, 2015 WL 3843984, at *16 (S.D. Cal. May 13, 2015) (citation omitted) (collecting cases).

Plaintiff's subjective feelings that he was "uncomfortable" fail to support a claim that Defendant's conduct was objectively harmful enough to constitute a constitutional violation or that Defendant subjectively intended to harm Plaintiff.  By Plaintiff's account, none of Defendant's actions was sexual or abusive in nature, and Plaintiff has not alleged he suffered any physical harm.  Further, Plaintiff's characterization of Defendant's conduct as a "body search" and pat down undermine any showing that the conduct was undertaken without legitimate penological justification.  *E.g.*, *Nuriddin v. Estrella*, No. 1:11-cv-01448-SAB (PC), 2014 WL 727133, at *3 (E.D. Cal. Feb. 24, 2014) (screening complaint and dismissing sexual harassment claim with prejudice; "[e]ven if Plaintiff believed there was a sexual aspect to the search, more is needed.").  Because Plaintiff's claim lacks a cognizable legal theory supported by facts, it is frivolous and must be dismissed.

**C.     Damages**

Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The alleged physical injury "must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Id.* at 630.

Here, Plaintiff does not allege any physical injury in the complaint. Therefore, Plaintiff is not entitled to monetary damages in this case for emotional distress, depression, and anxiety.

**IV.     CONCLUSION**

After careful consideration of Plaintiff's allegations, the Court finds that the complaint is frivolous and fails to state a claim on which relief may be granted. Plaintiff has not alleged any facts that would entitle him to relief. Because the complaint lacks a cognizable legal theory or

5

fails to allege sufficient facts to support a cognizable legal theory, the Court must dismiss the complaint.

Based upon the facts alleged, the Court further finds that the deficiencies cannot be cured by amendment, and further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is hereby RECOMMENDED:

1. The Court DISMISS this action WITH PREJUDICE for frivolousness and failure to state a claim upon which relief can be granted; and
2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a District Judge to this case.

IT IS SO ORDERED.

Dated:   **July 26, 2023**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

6