UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ENRIQUE ROSAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY JAIL, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00274-JLT-CDB (PC)<br><br>ORDER GRANTING EXTENSION OF TIME TO RESPOND TO FINDINGS AND RECOMMENDATIONS; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Eddie Enrique Rosas is a state prisoner proceeding pro se and *in forma pauperis* under 42 U.S.C. § 1983. On July 26, 2023, the Court entered findings and recommendations to dismiss the action as frivolous and for failure to state a claim. (Doc. 11).

　　　　Pending before the Court is Plaintiff's motion seeking an extension of time to file objections to the findings and recommendations. (Doc. 12.) As grounds, Plaintiff indicates the prison law library has limitations and restrictions, suggesting he has been unable to access the library to perform research to prepare his objections. (*Id.*) For good cause shown, the Court grants Plaintiff an additional fourteen days to file objections to the findings and recommendations.

　　　　Plaintiff indicates that he is does not know the rules that he must follow. (*Id.*) However, in the findings and recommendations, the Court has set out the applicable rules of procedure and

1   legal standards necessary for Plaintiff to draft objections as appropriate. (Doc. 11.)

2        Plaintiff also requests the appointment of counsel because he does not have the means to
3   hire one on his own. (Doc. 12.) Plaintiffs do not have a constitutional right to appointed counsel
4   in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The district
5   courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.
6   *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court may
7   request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at
8   1525. However, without a reasonable method of securing and compensating counsel, the Court
9   seeks volunteer counsel only in the most serious and exceptional cases. In determining whether
10  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
11  on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
12  complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

13       There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and
14  would be better served with the assistance of counsel. *Id*. For this reason, in the absence of
15  counsel, federal courts must construe pro pleadings liberally and afford the plaintiff any benefit of
16  the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The
17  rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963
18  F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light
19  of the relative complexity of the matter, the "exceptional circumstances" that might warrant the
20  appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *accord Palmer v. Valdez*, 560
21  F.3d 965, 970 (9th Cir. 2009).

22       The Court has screened Plaintiff's complaint and finds that this case is not complex and
23  does not present exceptional circumstances. Therefore, the Court will not seek volunteer counsel
24  to represent Plaintiff in this action.

25       Accordingly, it is hereby ORDERED that Plaintiff's motion for an extension of time (Doc.
26  12) is GRANTED, and his request for appointment of counsel is DENIED.

27       **Within fourteen (14) days** from the date of service of this Order, Plaintiff shall file
28  objections to the findings and recommendations of July 26, 2023 (Doc. 11), or a notice of

voluntary dismissal if he no longer wishes to pursue this action.

**If Plaintiff fails to comply with this Order, the Court will dismiss this action for failure to state a claim upon which relief can be granted and failure to obey a court order.**

IT IS SO ORDERED.

Dated: __August 10, 2023__

UNITED STATES MAGISTRATE JUDGE