**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDDIE ENRIQUE ROSAS,<br><br>Plaintiff,<br><br>v.<br><br>KINGS COUNTY JAIL, *et al.*,<br><br>Defendants | Case No. 1:22-cv-0274 JLT CDB (PC)<br><br>ORDER DECLINING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 11) |

Eddie Enrique Rosas seeks to hold the defendants liable for violations of his civil rights, asserting that he was sexually harassed by Deputy Vaness during a body search. (*See generally* Doc. 1.) Plaintiff alleged that Vaness patted him down, "lingered on [his] mid section area," and groped him. (*Id.* at 3.) Plaintiff reported he felt "very uncomfortable" and reported the conduct as sexual harassment. (*Id.*) The assigned magistrate judge screened the allegations pursuant to 28 U.S.C. § 1915A(a), and issued Findings and Recommendations, recommending that the action be dismissed with prejudice as frivolous and for failure to state a claim. (Doc. 11 at 6.)

Plaintiff a response to the Findings and Recommendations, indicating his opposition to dismissal. (Doc. 14.) Plaintiff added information concerning the body search performed, alleging that Vaness handcuffed Plaintiff and had Plaintiff spread his legs wide, then Vaness "ran his hands up between [Plaintiff's] legs and groped [his] genitals." (*Id.* at 1-2.) According to Plaintiff, Vaness did not comply with the proper protocol for pat downs, and such searches

"don't include groping and grabbing genitals." (*Id.* at 2.) He contends that as a result, he suffered "emotional distress, anxiety, depression, humiliation, embarrassment." (*Id.* at 2.) In addition, Plaintiff asserts he "struggle[s] with communication with authority." (*Id.*) Plaintiff clarifies that he seeks to hold the defendants liable for violations of his rights arising under the Eighth and Fourteenth Amendments. (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Importantly, the response to the Findings and Recommendations provides new and clarifying allegations concerning Plaintiff's claims. For example, although the magistrate judge previously determined that "[b]y Plaintiff's account, none of Defendant's actions was sexual or abusive in nature" (Doc. 11 at 5), the statement in the response indicates touching of his genitals, and in a manner that Plaintiff believed did not follow protocol. Given the additional allegations, the Court cannot find leave to amend against Defendant Vaness is frivolous or futile at this juncture.[1] The Ninth Circuit has repeatedly cautioned that *pro se* complaints "may only be dismissed 'if it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (emphasis added).) Accordingly, Plaintiff will be given **one opportunity** to file an amended complaint.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, Plaintiff must allege all facts concerning the body search performed—including how Plaintiff believes the actions of the defendant violated protocol—to support his claims under the Eighth and Fourteenth Amendment. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The

---

[1] In the caption, Plaintiff names "Kings County Jail" as a defendant as well as Deputy Vaness. (Doc. 1 at 1.) However, in the list of defendants, Plaintiff identified only Deputy Vaness. (*Id.* at 2.) Thus, it is unclear whether Plaintiff seeks to state a claim against the facility. However, Plaintiff is informed "a jail is not a proper defendant under § 1983." *Medina v. Jail*, 2023 WL 113826 (E.D. Cal. Jan. 5, 2023), citing *Harvey v. San Diego City Jail*, 2014 WL 173517, *3 (S.D. Cal. Jan. 10, 2014). Thus, a claim against "Kings County Jail" is futile.

Court will not again refer to the initial complaint or Plaintiff's response to the Findings and Recommendations to determine whether Plaintiff can state a claim. If Plaintiff fails to state a cognizable claim, the Court will find that he is unable to do so.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Accordingly, the Court **ORDERS**:

1. The Court declines to adopt the Findings and Recommendations (Doc. 11).
2. The complaint is dismissed with leave to amend.
3. Plaintiff shall file an amended complaint **within 30 days** of the date of service of this order.
4. Plaintiff is advised that if he fails to file an amended complaint, the action will be dismissed for failure to comply with the Court's order.

IT IS SO ORDERED.

Dated: **October 16, 2023**

UNITED STATES DISTRICT JUDGE