**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDDIE ENRIQUE ROSAS,<br><br>    Plaintiff,<br><br>    v.<br><br>KINGS COUNTY JAIL, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-0274 JLT CDB (PC)<br><br>ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 15) |

Eddie Enrique Rosas is proceeding *pro se* in this action, in which he seeks to hold the defendants liable for violations of his civil rights. For the reasons set forth below, the Court finds Plaintiff failed to comply with the Court's order and failed to prosecute this action, and the action is **DISMISSED** without prejudice.

**I.    Background**

Plaintiff initiated this action by filing a complaint on March 7, 2022, asserting that he was sexually harassed by Deputy Vaness during a body search. (*See generally* Doc. 1.) The assigned magistrate judge screened the allegations pursuant to 28 U.S.C. § 1915A(a), and issued Findings and Recommendations, recommending that the action be dismissed with prejudice as frivolous and for failure to state a claim. (Doc. 11 at 6.) Plaintiff filed a response to the Findings and Recommendations, in which he added information concerning the body search performed. (Doc. 14 at 1-2.) In addition, Plaintiff clarified that he sought to hold the defendants liable for

violations of his rights arising under the Eighth and Fourteenth Amendments. (*Id*. at 1-2.)

Given the additional allegations made by Plaintiff in his response, the Court declined to find leave to amend was futile. (Doc. 15 at 2.) The Court informed Plaintiff that he was being granted "**one opportunity** to file an amended complaint." (*Id.*, emphasis in original.) The Court directed Plaintiff to "allege all facts concerning the body search performed—including how Plaintiff believes the actions of the defendant violated protocol—to support his claims under the Eighth and Fourteenth Amendment." (*Id*. at 2.) The Court ordered Plaintiff to "file an amended complaint within 30 days of the date of service," which was made on October 16, 2023. (*Id.* at 3, emphasis omitted.) The Court informed Plaintiff that if he failed to timely file an amended complaint, "the action will be dismissed for failure to comply with the Court's order." (*Id.*, (emphasis in original.) Although more than 30 days have passed, Plaintiff has not filed an amended complaint or taken any other action to further prosecute this case.

## II.      Involuntary Dismissal

Federal Rule of Civil Procedure 41(b) permits the Court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a Court order. *See* Fed. R. Civ. P. 41(b); *see also Hells Canyon Pres. Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (finding that Rule 41(b) permits courts to *sua sponte* dismiss actions for a plaintiff's failure to prosecute or comply with the court's orders). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide that a party's failure "to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose terminating sanctions. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for a pro se litigant's failure to comply with an order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with an order); *Henderson v. Duncan*, 779 F.2d

1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III. Discussion and Analysis

To determine whether to dismiss an action, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423; *see also Ferdik,* 963 F.2d at 1260-61; *Thomspon,* 782 F.2d at 831.

#### A. Public interest and docket management

The public's interest in expeditiously resolving this action weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). In addition, the Court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation and operates under a declared judicial emergency. The limited judicial resources are better focused on matters moving forward, rather than consumed by managing a case with a noncompliant litigant. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting that it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") This Court cannot, and will not, hold this case in abeyance for a plaintiff who fails to take action to prosecute in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal.

#### B. Prejudice

To determine whether the defendant will suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff did not take action to further prosecute his claims, despite being

1  ordered by the Court to file an amended complaint.  Because his inaction amounts to an
2  unreasonable delay in prosecuting this action, this factor weighs in favor of dismissal.

3       **C.**      **Consideration of less drastic sanctions**

4  The Court "abuses its discretion if it imposes a sanction of dismissal without first
5  considering the impact of the sanction and the adequacy of less drastic sanctions." *United States*
6  *v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's
7  warning to a party that the failure to obey could result in dismissal satisfies the "consideration of
8  alternatives" requirement.  *See Malone*, 833 F.2d at 133; *see also Titus v. Mercedes Benz of*
9  *North America,* 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative
10 sanction).  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of
11 dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

12     The Court expressly warned Plaintiff that failure to file an amended complaint as ordered
13 would result in dismissal of this action. (Doc. 15 at 3.)  The Court need only warn a party once
14 that the matter could be dismissed to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at
15 1262.  Consequently, the Court's warning satisfied the requirement to consider lesser sanctions,
16 and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262;
17 *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

18       **D.**      **Public policy**

19     This factor usually weighs against dismissal because public policy favors the disposition
20 of cases on their merits.  *Pagtalunan*, 291 F.3d at 643.  However, the Ninth Circuit indicated "this
21 factor lends little support to a party whose responsibility it is to move a case towards disposition
22 on the merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine*
23 *(PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006).

24     Given Plaintiff's failure to comply with the Court's order to file an amended complaint,
25 the policy favoring disposition of cases on their merits is outweighed by the factors in favor of
26 dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy
27 favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to
28 outweigh the other four factors").

**IV.     Conclusion**

Plaintiff failed to comply with the order to file an amended complaint (Doc. 15), despite a warning that terminating sanctions may be imposed for such noncompliance.  By failing to file an amended complaint, Plaintiff also failed to prosecute this action.  For the reasons set forth above, the Court finds terminating sanctions are appropriate. Accordingly, the Court **ORDERS**:

1.     The action is **DISMISSED** without prejudice.

2.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 8, 2023**                                        /s/ Jennifer L. Thurston
                                                                                    UNITED STATES DISTRICT JUDGE